IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSIE RIVERA-CROUTHER<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NATIONWIDE COLLECTIONS, INC,<br><br>　　　　Defendant. | PROVE-UP OF DAMAGES<br>IN SUPPORT OF JUDGMENT<br><br>Civil Action No. 08-cv-2683<br><br>Judge Holderman<br><br>Magistrate Judge Keys |

**PROVE-UP OF DAMAGES IN SUPPORT OF JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff Rosie Rivera-Crouther hereby submits this Prove-Up of Damages in Support of Judgment against Defendant Nationwide Collections, Inc.

**I.　BACKGROUND**

Plaintiff filed her First Amended Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA"), and Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq* ("FCCPA") on May 12, 2008. Docket # 7. On July 8, 2008, this Court entered default in favor of Plaintiff and against Defendant. Docket # 11.

Plaintiff has alleged that Defendant violated eight sections of the FDCPA and one section of the FCCPA. Docket # 7, pp. 6-7.

In early February 2008, Ms. Rivera-Crouther received from Defendant a form collection letter (attached to Plaintiff's First Amended Complaint as Exhibit A, Docket # 7) dated January 31, 2008. See Declaration of Rosie Rivera-Crouther in Support of Plaintiff's Prove-Up of

Damages, ¶¶ 3-4, filed separately (hereinafter referred to as "Plaintiff's Declaration, ¶ __").

Defendant attempted to collect an alleged debt to Columbia House in the amount of $16.94.

Ms. Rivera-Crouther never had an account with Columbia House. See Plaintiff's Declaration, ¶ 5; Docket # 7, ¶ 18.

## II.    FDCPA DAMAGES

Defendant's letter violates the FDCPA by:

    A.    using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and e(10);

    B.    creating a false sense of urgency in violation of 15 U.S.C. § 1692e;

    C.    falsely representing the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

    D.    falsely representing or implying that any individual is an attorney or that any communication is from an attorney in violation of 15 U.S.C. § 1692e(3);

    E.    threatening to take action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

    F.    using unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f;

    G.    attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1); and

    H.    Failing to state the correct amount of the debt in violation of 15 U.S.C. § 1692g(a)(1).

Plaintiff has made a claim for statutory damages, costs and reasonable attorney fees. The FDCPA provides for statutory damages to an individual plaintiff in an amount not to exceed $1,000.00. 15 U.S.C. § 1692k(a)(2)(A). To determine the amount of statutory damages, the Court should

consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Here, the maximum should be awarded because 1) Defendant's use of a form letter evidences the high frequency and persistence of noncompliance by Defendant; Defendant's attempt to collect a debt not owed and threat legal action that was never intended, as well as its false implication that an attorney wrote the letter evidence the malevolent nature of the noncompliance; Defendant's use of a form letter fraught with unintended threats, misrepresentations, and deceptive tactics evidence Defendant's intent to collect the alleged debt with no care given to its clear violations of the FDCPA. See 15 U.S.C. § 1692k(b)(1).

Plaintiff requests that she be awarded damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

### III.     FCCPA DAMAGES

Even though she is not a Florida resident, Ms. Rivera-Crouther has standing to sue Defendant under the FCCPA because the FCCPA intended to protect all consumers, regardless of location, against abusive Florida debt collectors. Mlynek v. Household Finance Corporation, 2000 U.S.Dist.LEXIS 13783, *12-14 (N.D.Ill., Sep. 11, 2000).

Defendant's letter violates the FCCPA by engaging in conduct which can reasonably be expected to harass the debtor in violation of Fla. Stat. § 559.72(7).

Plaintiff has made a claim for statutory damages, costs and reasonable attorney fees. The FCCPA provides for statutory damages to an individual plaintiff in an amount up to $1,000.00. Fla. Stat. § 559.77(2). Instructing the Court on how to determine the amount of statutory damages, the FCCPA lists the same three factors as the FDCPA. Fla. Stat. § 559.77(2).

Therefore, as discussed above, maximum statutory damages should be awarded.

Plaintiff requests that she be awarded damages in the amount of $1,000.00 pursuant to Fla. Stat. § 559.77(2).

## IV.    COSTS AND ATTORNEY FEES

### A.    Award of Costs and Attorney Fees is Mandatory

The FDCPA and FCCPA require the payment of costs and reasonable attorney fees to a successful consumer:

> [a]ny debt collector who fails to comply with any provision of this title . . . is liable to such person in an amount equal to the sum of-- [actual damages], [statutory damages], and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a)(3). See also Dechert v. Cadle Co., 441 F.3d 474, 475 (7th Cir. 2006).

"Upon adverse adjudication, the defendant shall be liable for ... court costs and reasonable attorney's fees incurred by the plaintiff." Fla. Stat. § 559.77(2). See also Schauer v. GMAC, 819 So.2d 809, 812 (Fla.Dist.Ct.App. 2002).

In litigation pursuant to the Fair Debt Collection Practices Act, the Second Circuit stated "the award of attorney's fees to plaintiffs for a debt collector's violation of 'any provision' of the FDCPA is mandatory" Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 28 (2d Cir. 1989). Such an award is mandatory under the FDCPA. Zagorski v. Midwest Billing Servs., 128 F.3d 1164, 1166 (7th Cir. 1997).

Given the structure of the section, attorney fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys

general. Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991).

Plaintiff requests that she be awarded costs and attorney fees as itemized below. Ms. Rivera-Crouther has been represented by Craig M. Shapiro, a fourth-year associate, and O. Randolph Bragg, an attorney in his thirty-sixth year of practice. Mr. Shapiro expended 13.3 hours in representation of Plaintiff. See Declaration of Craig M. Shapiro in Support of Plaintiff's Prove-Up of Damages, ¶ 17, filed separately. Mr. Bragg expended 0.4 hours in representation of Plaintiff. See Declaration of Craig M. Shapiro, ¶ 18.

An amount totaling $3,178.50 is sought as attorney fees for Mssrs. Shapiro's and Bragg's representation of Plaintiff (plus a small addition for time spent on prove-up, as discussed at the end of this brief). Mr. Shapiro's firm expended $385.79 in costs in the prosecution of this action. See Declaration of Craig M. Shapiro, ¶ 23.

### B.     Fees in the Full Lodestar Amount Should Be Awarded

Plaintiff seeks an award of attorney fees based upon the lodestar formula.

#### 1.     Plaintiff's Attorneys Are to be Awarded Fees Pursuant to the Lodestar Formula

The U.S. Supreme Court has explained the calculation for an award of attorney's fees:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

Hensley v. Eckerhart, 461 U.S. 424, 433; 103 S. Ct. 1933, 1939; 76 L. Ed. 2d 40 (1983).

Although this decision, and others cited hereinafter, arise in the context of the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, these criteria are equally applicable here. "The

standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a `prevailing party.' " Id. 103 S. Ct. at 1939, n.7.  "We have stated in the past that fee-shifting statutes' similar language is `a strong indication that they are to be interrupted alike." Independent Federation of Flight Attendants v. Zipes, 491 U.S. 754; 109 S. Ct. 2732, 2735 n.2.; 105 L. Ed. 2d 639 (1989) (quoting Northcross v. Memphis Bd. of Education, 412 U.S. 427, 428; 93 S. Ct. 2201, 2202; 37 L. Ed. 2d 48 (1973)).  The multiplication of the reasonable number of hours expended times the reasonable hourly rate is referred to as the "lodestar."  Friend v. Kolodzieczak, 72 F.3d 1386, 1389 (9th Cir. 1995).

Mr. Shapiro expended 13.3 hours in representation of Plaintiff. This amount of time is reasonable. The reasonable hourly rate for an attorney with Mr. Shapiro's experience is $225.00 per hour. Cerni v National Bureau Collection Corp., 08-cv-01189 (N.D.Ill., July 21, 2008) (Honorable Judge Denlow), Docket # 25 (finding reasonable Mr. Shapiro's request for attorney fees at $225/hour); Day v. ICUL Service Corporation, 07-cv-00882 (N.D.Ill., Dec. 18, 2007) , Docket # 45 (Honorable Judge Lefkow) (same)); Torgensen v. Arrow Financial Services, 2007 U.S.Dist.LEXIS 50156, * 4-5 (N.D.Ill. June 29, 2007) (finding reasonable a second-year attorney's request for attorney fees at $225/hour in FDCPA litigation). See also Declaration of Craig M. Shapiro, ¶ 19.

Mr. Bragg expended 0.4 hours in representation of Plaintiff. This amount of time is reasonable. The reasonable hourly rate for an attorney with Mr. Bragg's experience is is $465.00 per hour. Cerni v National Bureau Collection Corp., 08-cv-01189 (N.D.Ill., July 21, 2008) (Honorable Judge Denlow), Docket # 25 (finding reasonable Mr. Bragg's request for attorney fees at $465/hour); Day v. ICUL Service Corporation, 07-cv-00882 (N.D.Ill., Dec. 18, 2007)

(Honorable Judge Lefkow), Docket # 45 (same); McKinney v. Cadleway Properties, Inc., 2007 U.S.Dist.LEXIS 41588, *4 (N.D.Ill. June 8, 2007) (finding Mr. Bragg's $465 hourly rate reasonable) *adopted in full by* McKinney v Cadleway Properties, Inc., 2007 U.S.Dist.LEXIS 79786 (N.D.Ill., Oct. 23, 2007); Campos v. Western Dental Services, Inc., 2007 WL 2050976, *1 (N.D.Cal., July 13, 2007) (same); Defenbaugh v. JBC & Assoc., 2004 U.S.Dist.LEXIS 16256, *17-20 (N.D.Cal., Aug. 10, 2004) *aff'd* 2006 U.S.App.LEXIS 19930 (9th Cir. July 24, 2006) (awarding attorney fees to Mr. Bragg at $435 per hour). See also Declaration of Craig M. Shapiro, ¶ 20.

The total attorney fees for Mr. Shapiro's firm is $3,178.50. Mr. Shapiro's firm also incurred $385.79 as the costs of this litigation.

### 2. Previously Established Rates Are Appropriate For Plaintiff's Counsel.

The U.S. Supreme Court has stated: "The statute and legislative history establish that `reasonable fees' under section 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel." Blum v. Stenson, supra, 465 U.S. at 895, 104 S. Ct. at 1547 (footnote omitted).  "In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases . . . .   Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." Tolentino v. Friedman, 46 F.3d 645, 652-653 (7th Cir. 1995).

Here, because Mssrs. Shapiro and Bragg have no fee-paying clients, "the district court

should look to ... evidence of fee awards the attorney has received in similar cases." Uphoff v. Elegant Bath, Ltd., 176 F.3d 399, 407 (7th Cir. 1998).

### 3. The Award of Attorneys' Fees Is Not Limited by the Amount of Damages.

As long as the plaintiff is successful, *i.e.*, recovers more than nominal damages, the plaintiff should be awarded attorney fees pursuant to a lodestar calculation. "In the absence of any indication that Congress intended to adopt a strict rule that attorney's fees under section 1988 be proportionate to damages recovered, we decline to adopt such a rule ourselves." City of Riverside v. Rivera, 477 U.S. 561, 581; 106 S. Ct. 2686, 2697; 91 L. Ed. 2d 466 (1986) (footnote omitted). See also Zagorski v. Midwest Billing Services, Inc., 128 F.3d 1164 (7th Cir. 1997). The benefits to the public as a whole resulting from lawsuits which encourage compliance with statutory provisions are more important than relatively small damage awards. Indeed, when a provision for counsel fees is included in a regulatory act, it is a recognition that enforcement of the statute would be unlikely if an individual had to pay his or her own attorney's fees. The Court quoted Senator Tunney's remarks in the Congressional Record:

> If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire nation, not just the individual citizen, suffers.

City of Riverside v. Rivera, 477 U.S. at 575, 106 S. Ct. at 2694 (citation omitted). The Third Circuit amplified this thought stating:

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.

Student Public Interest Research Group v. AT&T Bell Laboratories, 842 F.2d 1436, 1449 (3d Cir. 1988). "Congress has relied on such plaintiffs to act as private attorneys general." Id. at 1450 n13.

The amount of damages awarded often has borne no relation to the amount of attorney's fees granted. "[A]ttorney's fees awarded by district courts have `frequently outrun the economic benefits ultimately obtained by successful litigants.' " Evans v. Jeff D., 475 U.S. 717, 735; 106 S. Ct. 1531, 1541; 89 L. Ed. 2d 747 (1986) (citation omitted). Upon finding a statutory violation and damages, the attorney's fees award should be made in the lodestar amount. Johnson v. Eaton, 80 F.3d 148 (5th Cir. 1996).

For example, in McKinney, 2007 U.S.Dist.LEXIS 79786, Judge Kendall adopted in full Judge Mason's recommendation that the plaintiff be awarded $40,595.50 in attorney fees where the plaintiff recovered $1,000 in statutory damages. In Armstrong v. The Rose Law Firm, P.A., 2002 WL 31050583 (D.Minn., Sept. 5, 2002), the district court approved the award of $43,180 in attorney's fees where the plaintiff recovered $1,000 in statutory damages. The Southern District of Florida affirmed the bankruptcy court's award of attorney's fees of $29,037.50 where the plaintiff recovered FDCPA statutory damages of only $1,000. In re Martinez, 266 B.R. 523, 544 (Bankr. S.D.Fla. 2001), *aff'd* 271 B.R. 696 (S.D.Fla. 2001). In Perez v. Perkiss, 742 F.Supp. 883 (D. Del. 1990), the district court awarded $10,110 in attorney's fees where the plaintiff's recovery was only $1,200. The Seventh Circuit reversed a district court's denial of attorneys' fees even though the plaintiffs only recovered $100 ($50 each) as FDCPA statutory damages and remanded for determination of an award of attorneys' fees. Zagorski v. Midwest Billing Services, Inc., supra. Of course, the amount of reasonable attorneys' fees awarded pursuant to the

FDCPA is left to the sound discretion of the judge. Schimmel v. Slaughter, 975 F.Supp. 1481, 1484 (M.D.Ga. 1997).

"Unlike most private tort litigants, a plaintiff who brings an FDCPA action seeks to vindicate important rights that cannot be valued solely in monetary terms and congress has determined that the public as a whole has an interest in the vindication of the statutory rights." Tolentino v. Friedman, supra at 652, citing City of Riverside v. Rivera, 477 U.S. 561, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986).

"When a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee." Hensley v. Eckerhart, supra at 435. Here, Plaintiff seeks judgment in the amount of $1,000.00 pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(B)(i), and $1,000 pursuant to the FCCPA, Fla. Stat. § 559.77(2), the maximum permitted by both statutes.

**C.    Plaintiff is Entitled to Fees Expended in Pursuing Attorney Fees**

An award of fees is appropriate for the time expended in pursuing attorney fees. Uphoff v. Elegant Bath, Ltd., 176 F.3d 399, 411 (7th Cir. 1999); Kurowski v. Krajewski, 848 F.2d 767, 777 (7th Cir. 1988); Bond v. Stanton, 630 F.2d 1231, 1235 (7th Cir. 1980); Jordan v. Multnomah County, 815 F.2d 1258, 1264 (9th Cir. 1987); Refugee Center v. Meese, 791 F.2d 1489, 1500-01 (11th Cir. 1986); David v. City of Scranton, 633 F.2d 676 (3d Cir. 1980); Johnson v. State of Miss., 606 F.2d 635, 638 (5th Cir. 1979); Perez v. Perkiss, 742 F.Supp. 883, 891-92 (D. Del. 1990); Zaghloul v. DaimlerChrysler Servs., LLC, 2004 U.S. Dist. LEXIS 19723, *8 (N.D.Ill. 2004); K.L. v. Edgar, 2001 U.S.Dist.LEXIS 1922 (N.D.Ill. 2001); Riter v. Moss & Bloomberg, Ltd., 2000 U.S.Dist.LEXIS 14470, *19 (N.D.Ill. 2000); Nanetti v. University fo Illinois at Chicago, 1990 U.S.Dist.LEXIS 4279, *13-14 (N.D.Ill. 1990).

In addition to the hours expended thus far on this case, Plaintiff requests attorney fees for the time spent since the last entry on Mr. Shapiro's billing statement, *i.e.*, time spent researching and drafting these prove-up materials, meeting with his client regarding prove-up, as well as appearing before this Court on July 31, 2008. Mr. Shapiro estimates conservatively that he will have expended an additional five hours and his supervising attorney Mr. Bragg will have expended an additional 0.7 hours. This additional time adds $1,450.50 to the total attorney fees sought by Ms. Rivera-Crouther, resulting in a total of $4,629.00.

    **C.**    **Plaintiff's Attorneys Are Entitled to an Award of Costs and Litigation Expenses**

Plaintiff has requested the award of costs and litigation expenses in addition to an award of attorneys' fees. The District of Nevada stated that "plaintiffs are also entitled to an award of costs representing out-of-pocket litigation expenses . . . includ[ing] costs incurred in travel (airfare, car rental, hotels and food, gasoline and the like), telephone, postage and photocopying." Ilick v. Miller, 68 F. Supp. 2d 1169, 1181 (D. Nev. 1999).

The FDCPA grants the successful plaintiff "the costs of the action." 15 U.S.C. §1692k(a)(3). Costs may be recovered as provided for by statute as well as 28 U.S.C. §1920. Recoverable costs include computerized research. Libertad v. Sanchez, 134 F.Supp.2d 218, 236 (D.P.R. 2001). See Uniroyal Goodrich Tire Co. V. Mutual Trading Corp., 63 F.3d 516, 526 (7th Cir. 1995); Lathem v. Department of Children & Youth Servs., 172 F.3d 786, 794 (11th Cir. 1999); United Nuclear Corp. v. Cannon, 564 F.Supp. 581, 591-92 (D.R.I. 1983) ("LEXIS is an essential tool of a modern, efficient law office. As such, it saves lawyers' time by increasing the efficacy of legal research. Denial of reimbursement for LEXIS charges in a proper case would be an open invitation to law firms to use high-priced attorney time to perform routing research tasks

that can be accomplished quicker and more economically with LEXIS.")

Thus, Plaintiff's costs of $385.79 are compensable.

### V.     CONCLUSION

WHEREFORE, pursuant to Federal Rule of Civil Procedure 55(b), Plaintiff Rosie Rivera-Crouther requests that judgment be entered in her favor and against Defendant Nationwide Collections, Inc. for statutory damages in the amount of $2,000.00, costs in the amount of $385.79, and attorney fees in the amount of $4,629.00, for a total of $7,014.79.

   s/ Craig M. Shapiro
Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD..
25 East Washington Street Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673  (Facsimile)

ATTORNEYS FOR PLAINTIFF ROSIE RIVERA-CROUTHER